UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHINA O. PERRY,                                    :
                                                   :          25-CV-4418 (RWL)
                              Plaintiff,           :
                                                   :
          - against -                              :          **DECISION & ORDER:**
                                                   :          **MOTION TO DISMISS (Dkt. 15)**
NEW YORK CITY HOUSING AUTHORITY,                   :
LEQUANDA NIXON, LARRY CHAMPAGNE                     :
and COREY SMITH,                                   :
                              Defendants.          :
-----------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff China O. Perry ("Perry") brings this action against the New York City

Housing Authority ("NYCHA"), LeQuanda Nixon, Larry Champagne, and Corey Smith

(collectively, "Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964

("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), the Pregnant Workers

Fairness Act of 2023 ("PWFA"), and the Family and Medical Leave Act of 1993 ("FMLA").

Defendants move to dismiss the complaint for failure to state a claim pursuant to Federal

Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, Defendants' motion to

dismiss Perry's Complaint is GRANTED, and Perry's Complaint is dismissed with leave

to amend.

**Factual Background[1]**

NYCHA employed Perry from October 27, 2022, until December 5, 2023, as a

"Caretaker J" at the Mill Brook housing complex in the Bronx.  (Plaintiff's Opposition

---

[1] Perry's initial complaint is sparse, containing one paragraph of allegations.  (*See* Complaint ("Compl."), Dkt. 1.)  The undeveloped nature of those allegations is grounds alone to dismiss for failure to state a claim.  But because Perry is proceeding without representation, the Court affords her pleading a liberal reading as it is required to do.

1

("Opp."), Dkt. 28, at ECF 1.)  Perry was responsible for, among other custodial tasks, "heavy compactor duties" around the complex's trash area.  (*Id.*)

On December 2, 2022, Perry was injured on the job "moving garbage bags on an oil spill."  (*Id.* at ECF 2.)  This injury caused Perry sciatic nerve pain, which makes it difficult for her "to lift, bend, and walk for long periods."  (*Id.*)  Perry states that "by mid-2023, [she] was pregnant and provided NYCHA with medical letters stating [she] needed rest breaks and limited lifting."  (*Id.*)  On July 7, 2023, Perry received a counseling memorandum for insubordination following an interaction with Defendant Smith, where she claims Smith "rais[ed] his voice" at her for taking her break late.  (Compl. at 5.)  Perry replied, "[you] will not continue to speak to me in that manner," and "walk[ed] right off."  (*Id.*)  On September 21, 2023, Perry was issued another counseling memorandum citing failure to follow directives.  (*Id.*)  Perry states that she had indicated to her supervisor her need for assistance with handling certain work tasks due to severe pregnancy-related morning sickness she was experiencing; that it was because of morning sickness that

---

Further, Perry attached exhibits to her complaint that are material to understanding her allegations and which the Court may consider on the instant motion.  *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).  The Court may also consider factual assertions made by Perry in her opposition to the motion to dismiss at Dkt. 28 ("Opp."). District courts may consider factual allegations made in a pro se plaintiff's opposition brief when those allegations are consistent with those in the Complaint.  *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion"); *McDay v. City of New York*, No. 25-CV-2265, 2026 WL 554746, at *2 (S.D.N.Y. Feb. 27, 2026) ("where a pro se plaintiff is faced with a motion to dismiss, a court may consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint") (internal quotation marks and citation omitted); *cf. Mira v. Argus Media*, No. 15-CV-9990, 2017 WL 1184302, at *3 n.4 (S.D.N.Y. Mar. 29, 2017) (declining to consider new facts in plaintiff's opposition because they "go well beyond merely elaborating on the facts alleged in the Complaint and apparently are intended to support new legal theories").

she had fallen behind in her work; and that she had had issues accessing a supply closet because of a jammed door, "[s]o for him to give [her] a memo after informing him made no sense."  (*Id.*)

On September 27, 2023, Perry failed her probation evaluation.[2]  (*Id*.)  On October 16, 2023, Defendant Nixon sent a memorandum to NYCHA personnel requesting Perry's termination "based off [Perry's] folder and attendance."  (*Id.*)  Following Nixon's request for Perry's termination, Perry told Nixon that she was pregnant and in pain, that her symptoms were exacerbated by her previous injury at work, and that these conditions prevented her from carrying out her tasks.  (*Id.*)  On October 30, 2023, Perry visited "L&D Triage" seeking treatment related to her pregnancy, and received a doctor's note advising that Perry should not do any heavy lifting and should be allowed breaks as needed.  (*Id*. at ECF 27-28.)  A few weeks later, on December 5, 2023, Perry was terminated from her position with NYCHA.   (Opp. at ECF 1.)   On December 7, 2023, Perry's union representative issued a request to review her termination, stating that her termination was "unfair."  (Compl. at ECF 35.)

Perry claims that Defendants discriminated against her on the basis of sex in violation of Title VII, failed to accommodate her disability (sciatica-related pain) in violation of the ADA, retaliated against her when she complained to her union of unfair treatment, and interfered with her right to take FMLA leave.  (*Id.* at ECF 3-5.)  Perry also raises a

---

[2] Perry disputes the accuracy of this evaluation.  (Compl. at 5.)  Perry states that she was supposed to receive four evaluations, but "[t]his is the only one [she] received since [she] started working."  (*Id.*)

claim for pregnancy discrimination under the federal PWFA.[3]

## Procedural History

Perry filed a discrimination charge with the EEOC on October 29, 2024.  (Compl. at 6.)  The EEOC issued Perry a Notice of Right to Sue on February 24, 2025.  (*Id.*)  Perry filed the instant action on May 23, 2025.  (Dkt. 1.)  The parties have consented to my jurisdiction for all purposes.  (Dkt. 23.)

On September 26, 2025, Defendants filed their motion to dismiss and supporting memorandum of law ("Mem.").  (Dkts. 15-16.)  Among other points, the motion argues that Perry's Title VII and ADA claims are time-barred because Perry filed her EEOC complaint almost a month later than required by the statute of limitations.

Perry filed her Opposition to Defendants' motion to dismiss on October 27, 2025. (Dkt. 28.)  In her Opposition, Perry asserts that she filed her EEOC charge on September 30, 2024, almost a month earlier than the date alleged in her Complaint.  (*Compare* Compl. at 6 *with* Opp. at ECF 3.)  Perry provided no explanation for the new EEOC filing

---

[3] Perry asserted her PWFA claim for the first time in her Opposition to the Motion to Dismiss.  (Opp. at ECF 3.)  While "[a] pro se plaintiff may not raise 'entirely new' causes of action for the first time in his opposition papers, … the Court may consider new claims appearing for the first time in briefing if 'the claims could have been asserted based on the facts alleged in the complaint.'"  *Davila v. Lang*, 343 F. Supp.3d 254, 267 (S.D.N.Y. 2018) (quoting *Vlad-Berindan v. MTA New York City Transit*, No. 14-CV-675, 2014 WL 6982929, at *5 (S.D.N.Y. 2014)).  That is the situation here.  Although Perry did not reference the PWFA in the Complaint, she did allege that she had experienced pregnancy-related symptoms that impacted her work, and that she had informed her colleagues of her need for accommodations and/or assistance with certain tasks.  (Compl. at 5.)  Under these circumstances, the Court finds that Perry's formal invocation of the PWFA in her Opposition "simply articulates additional claims that [her] original complaint could have been construed to allege."  *Lang v. New York City Health & Hospitals Corp.*, No. 12-CV-5523, 2013 WL 4774751, at *4 (S.D.N.Y. Sept. 5, 2013).

date.[4]  On November 10, 2025, Defendants filed a Reply in support of their motion to dismiss.  (Reply Memorandum ("Reply Mem."), Dkt. 32.)  Discovery has been stayed pending resolution of the instant motion.  (Dkt. 29.)

## Legal Standard

Under Federal Rule Of Civil Procedure 12(b)(6), a pleading may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)").  To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  In considering a motion to dismiss, a district court "accept[s] all factual claims in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor."  *Lotes Co. v. Hon Hai Precision Industry Co.*, 753 F.3d 395, 403 (2d Cir. 2014).  However, this tenet is "inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  "[R]ather, the complaint's factual allegations must be enough to raise a right to relief above the speculative level … *i.e.*, enough to make the claim plausible."  *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal quotation marks, citations, and brackets omitted).  A complaint

---

[4] Perry's filings do not include a copy of her EEOC charge, but do include a copy of the Notice of Right to Sue.  (*See* Compl. at ECF 8-9.)

is properly dismissed where, as a matter of law, "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

For the purposes of considering a motion to dismiss pursuant to Rule 12(b)(6), a court generally is confined to the facts alleged in the complaint. *Cortec Industries v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). A court may, however, consider additional materials, including documents attached to the complaint, documents incorporated into the complaint by reference, public records, and documents that the plaintiff possessed or had knowledge about and upon which it relied in bringing the suit. *See Kleinman*, 706 F.3d at 152 (quoting *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). "If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true." *Poindexter v. EMI Record Group Inc.*, No. 11-CV-559, 2012 WL 1027639, at *2 (S.D.N.Y. Mar. 27, 2012).

As Perry is proceeding pro se, the Court is obliged to afford a liberal construction to her allegations and interpret them to raise the "strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). "Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory allegations. In other words, 'the duty to liberally construe a [pro se] plaintiff's complaint is not the equivalent of a duty to re-write it.'" *Cheng v. United States*, 725 F. Supp.3d 432, 437 (S.D.N.Y. 2024) (first citing *Walker v. Schult*, 717 F.3d 119, 124, 130 (2d Cir. 2013); then quoting *Geldzahler v. New York Medical College*, 663 F. Supp.2d 379, 387 (S.D.N.Y. 2009), *aff'd*, 132 F.4th 655 (2d Cir. 2025)).

**Discussion**

Perry brings claims under four federal statutes – Title VII, the ADA, the PWFA, and the FMLA.  As pled, her claims under the first three of those statutes are time-barred, because she did not file her EEOC charge within 300 days of alleged wrongful acts.  While not time-barred, Perry's FMLA claim must also be dismissed because she did not sufficiently plead that she was an eligible employee at the time she sought to take leave.  Accordingly, the Complaint must be dismissed in its entirety.  However, to the extent Perry can amend her Complaint in good faith, she is granted leave to replead.

**A.    As Pled, Perry's Title VII, ADA, And PWFA Claims Are Time-Barred**

Both Title VII and the ADA require a plaintiff to file a charge with the EEOC prior to filing a federal court action.  *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (per curiam).  A discrimination claim brought in New York will be timely in federal court if the EEOC charge is filed within 300 days of the alleged discriminatory act.  42 U.S.C. § 2000e-5(e); *see also Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999) (holding ADA plaintiff had 300 days from when he knew or should have known of the alleged discrimination to file a charge with the EEOC).  "This statutory requirement effectively acts as a statute of limitations, and Title VII claims are barred by the failure to file a timely charge."  *Hill v. Citibank Corp.*, 312 F. Supp.2d 464, 472 (S.D.N.Y. 2004); *see also Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996) (Title VII's "statutory requirement is analogous to a statute of limitations").  The requirement to file an EEOC charge within 300 days also applies to the PWFA, as "the enforcement mechanisms, procedures, and remedies available to employees and others covered by Title VII apply to the PWFA."  29 C.F.R. § 1636.5(a).

7

There are exceptions to the 300-day tolling period. First, under Title VII's continuing violation doctrine, "if a plaintiff has experienced a continuous practice and policy of discrimination, … the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001). However, the statute "'precludes recovery for ***discrete*** acts of discrimination or retaliation that occur outside the statutory time period,' even if other acts of discrimination occurred within the statutory time period." *Patterson v. County of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004) (quoting *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 105 (2002)). "[T]ermination, failure to promote, denial of transfer, [and] refusal to hire" are considered discrete acts, and thus are not covered by the continuing violation doctrine. *Morgan*, 536 U.S. at 114; *see also Pell v. Yonkers City School District*, No. 23-CV-10398, 2025 WL 2084739, at *4 (S.D.N.Y. July 24, 2025) ("Plaintiff's allegation of being wrongfully terminated falls within the isolated, discrete acts that are not actionable under the continuing violation doctrine"); *Percy v. New York (Hudson Valley DDSO)*, 264 F. Supp.3d 574, 583 (S.D.N.Y. 2017) (holding that discrete incidences, such as termination, "cannot extend the statute of limitations and revive otherwise untimely acts"). Second, Courts equitably toll the statute of limitations "in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. New York City Transit Authority*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks and citation omitted).

Here, all of Perry's claims of discrimination filed with the EEOC are time-barred. Perry's Complaint states that she filed her charge with the EEOC on October 29, 2024. (Compl. at 6.) Accordingly, each discrete discriminatory act must have occurred on or

8

after January 3, 2024, which is 300 days before October 29, 2024.  But the last alleged unlawful act alleged by Perry is her termination on December 5, 2023.  Thus, Perry's Title VII, ADA, and PWFA claims fall outside the statute of limitations by at least 29 days.[5]  *See Miller*, 755 F.2d at 24 (holding action was time-barred where employee failed to file claim with the EEOC within 300 days after receiving notice of termination).

Perry's assertion in her Opposition that she filed her EEOC complaint on September 30, 2024, contradicts the allegation in her Complaint that she filed the EEOC complaint on October 29, 2024.  The almost one-month difference is just enough to bring her termination date within the statute of limitations.  Yet Perry has provided no reason why the date asserted in her Opposition should control over the date stated in her Complaint.  Indeed, her Opposition does not even acknowledge that the date alleged in the Complaint was incorrect.  And since the date asserted in the Opposition is not consistent with the date asserted in the Complaint, the Court does not accept it as an additional well-plead fact.[6]  *See Fisk v. Letterman*, 401 F. Supp.2d 362, 368 (S.D.N.Y. 2005) (finding the Court "is not obliged to reconcile plaintiff's own pleadings that are

---

[5] Courts in the Second Circuit have held that the date on which the 300-day clock starts to run is the date the plaintiff receives notice of her termination, rather than the date of discharge.  *See Jordan v. Bates USA*, 4 F. App'x 73, 76 (2d Cir. 2001) ("Indeed, we have expressly stated that 'the 300 day period, in the case of a discriminatory discharge, starts running on the date when the employee receives a definite notice of the termination, not upon his discharge'") (quoting *Miller,* 755 F.2d at 23 (2d Cir. 1985)).  Perry alleges that Nixon requested Perry's termination on October 16, 2023, after Perry failed her probation evaluation. (Compl. at 5.)  Focusing on the date Perry received notice of her termination only places that last discrete act further outside the 300-day limitation period.

[6] Even if Perry filed her EEOC charge on September 30, 2024, rather than October 29, 2024 as alleged, the discrete act of her termination would be the only discriminatory act alleged by Perry that occurred within the applicable 300-day limitations period.  *See Morgan*, 536 U.S. at 114; *Percy*, 264 F. Supp.3d at 583-84.

contradicted by other matters asserted or relied upon or incorporated by reference by a plaintiff in drafting the complaint"); *Sander v. Enesco Group, Inc.*, No. 21-CV-10684, 2023 WL 1779691, at *4 (S.D.N.Y. Feb. 6, 2023) ("A court need not feel constrained to accept as truth conflicting pleadings that make no sense or that are contradicted either by statements in the complaint itself or by documents upon which the pleadings rely") (internal brackets, quotation marks, and citation omitted).

Finally, Perry offers no rare and exceptional circumstances that would have prevented her from filing her EEOC complaint within the allotted time. Nor has she offered anything to show that she "acted with reasonable diligence during the time period she seeks to have tolled" to get her complaint filed. *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002); *see also Kucharczyk v. Steiner*, No. 24-3082, 2025 WL 3229011, at *2 (2d Cir. Nov. 19, 2025) ("The plaintiff must show that her 'particular disability constituted an extraordinary circumstance severely impairing her ability to comply with the filing deadline, despite her diligent efforts to do so'") (quoting *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010)). There is thus no basis for equitable tolling.

Because they fall outside the 300-day window, Perry is precluded from bringing her Title VII, ADA, and PWFA claims. Those claims must be dismissed. However, because Perry has made contradictory allegations about when she filed her EEOC complaint, the Court will afford her an opportunity to amend. Perry is cautioned, however, that she must be able to make her allegations in good faith and there must be some basis in fact for her to allege that she filed her EEOC charge on September 30, 2024, rather than the October 29, 2024 date set forth in her original Complaint.

10

**B.      Perry's FMLA Claim Must Be Dismissed For Failure To Allege Eligibility**

"FMLA gives eligible employees an 'entitlement' to twelve work weeks of unpaid leave per year," at the end of which the employee has the right to be "restored to the position, or its equivalent, that she held prior to taking leave." *Reilly v. Revlon, Inc.*, 620 F. Supp.2d 524, 534 (S.D.N.Y. 2009).  An eligible employee may take leave for a variety of reasons, including "to care for [a] newborn child" or because "of a serious health condition that makes the employee unable to perform the functions of the employee's job." *See generally* 29 C.F.R. § 825.112.  The FMLA has a different filing procedure than what is required to bring claims under the ADA and Title VII.  The statute provides that "an action may be brought under [the FMLA] not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought."  29 U.S.C. § 2617(c)(1).  However, "[i]n the case of such action brought for a willful violation … such action may be brought within 3 years if the date of the last event." *Id.* § 2617(c)(2).  While the term "willful" is not defined by statute, the Second Circuit has determined that the Supreme Court's definition of "willful" as applied in the context of the Fair Labor Standards Act also applies to the FMLA – specifically, "an employer acts willfully when he or she 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [statute].'" *Porter v. New York University School of Law*, 392 F.3d 530, 531-32 (2d Cir. 2004) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

"To succeed on a claim of FMLA interference, a plaintiff must establish that the defendant denied or otherwise interfered with a benefit to which she was entitled under the FMLA." *Graziadio v. Culinary Institute of America*, 817 F.3d 415, 424 (2d Cir. 2016) To survive a motion to dismiss, a plaintiff must thus allege:  "(1) that she is an eligible employee under the FMLA; (2) that defendant is an employer as defined in the FMLA; (3)

11

that she was entitled to leave under the FMLA; (4) that she gave notice to the defendant of her intention to take leave; and (5) that she was denied benefits to which he was entitled under FMLA." *Ziccarelli v. NYU Hospitals Center*, 247 F. Supp.3d 438, 447 (S.D.N.Y. 2017); *see also Smith v. Westchester County*, 769 F. Supp.2d 448, 465 (S.D.N.Y. 2011).

Perry's FMLA claim flounders from the start on the question of whether she was eligible for FMLA leave. Eligibility is a "threshold issue" for a claim of FMLA interference, "and it is insufficient for Plaintiff to merely assert in a conclusory manner that [she] is eligible without stating any facts that relate to the definition of an eligible employee." *Smith*, 769 F. Supp.2d at 465. An employee is deemed "eligible" under the FMLA and thus qualifies for FMLA leave when the employee: "(1) Has been employed by the employer for at least 12 months, and (2) [h]as been employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave …" 29 C.F.R. § 825.110(a); *see also Nevada Department of Human Resources v. Hibbs*, 538 U.S. 721, 739 (2003). "The determination of whether an employee meets the [FMLA's] hours of service requirement and has been employed by the employer for a total of at least 12 months must be made as of the date the FMLA leave is to start." 29 C.F.R. § 825.110(d).

Perry has not shown that she was eligible under the FMLA at the time she sought to take leave. Indeed, in her Complaint, Perry herself states that she was denied leave because she "was told [she] did not have enough hours on the job or did not make a year yet." (Compl. at 5.) In her Opposition, Perry attempted to rebut Defendants' argument that Perry "does not allege she was an eligible employee under the FMLA," (Mem. at 16), by stating in that she "became eligible for FMLA leave because [she] worked for NYCHA

12

for more than one year and over 1,250 hours." (Opp. at ECF 4.)  Such conclusory pleading, however, will not suffice.  Perry's pleadings are devoid of any facts indicating when and for what period of time she requested to take FMLA leave.  Given that eligibility under the FMLA is tied to the date Perry would have begun her leave, these deficiencies are fatal to Perry's FMLA claim.  *See Pitre v. City of New York*, 713 F. Supp.3d 13, 27 (S.D.N.Y. 2024) (plaintiff "failed to establish his FMLA eligibility" because "[h]e never testified as to when he asked for FMLA leave or when he wanted his FMLA leave to start"), *reconsideration denied*, 731 F. Supp.3d 661 (S.D.N.Y. 2024); *Smith*, 769 F. Supp.2d at 465 ("Plaintiff must plead that he had worked the required number of hours in the twelve months preceding the dates for which he requested FMLA leave").

Although Perry's FMLA claim must be dismissed for failure to state a claim, it remains possible that Perry could plead sufficient facts indicating her eligibility. Accordingly, Perry will be afforded the opportunity to replead if she can, in good faith, allege the necessary information to properly state her claim.[7]

## C.    Leave to Amend

As explained above, Perry's claims must be dismissed, but potentially may be cured by amendment.  As Perry is proceeding pro se and has not yet had an opportunity to amend, she will be afforded the opportunity to do so now.  *See Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020) ("Where a district court cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim,

---

[7] Perry's opposition to Defendants' motion to stay discovery includes as an exhibit a portion of a time sheet for the last month-and-a-half of her employment with NYCHA. (*See* Dkt. 26, Ex. 16.)  That document indicates approximately 2,250 cumulative hours. It is not readily discernable, however, over what period of time those hours were accumulated.  Nor does the document indicate whether Perry would have met the requisite one-year term before the date she would have started FMLA leave.

a pro se complaint should not be dismissed without granting leave to amend at least once") (internal quotation marks omitted).  Any amended pleading must be limited to facts and claims that Perry can assert in good faith.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED, and Perry's Complaint is DISMISSED without prejudice and with leave to amend.  Any such amended complaint must be filed by **June 25, 2026**.  To the extent not discussed above, the Court has considered all of Perry's arguments and determined them to be either moot or without merit.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 15.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  May 26, 2026
        New York, New York

Copies transmitted on this date to all parties of record.

14